FILED

MAR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOYCE REDMOND, | No. 14-35990 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01646-JPD |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue II, Magistrate Judge, Presiding

Submitted March 16, 2016[**]

Before: THOMAS, Chief Judge, D.W. NELSON, and LEAVY, Circuit Judges.

Joyce Redmond appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Redmond's application for disability

insurance benefits under Title II of the Social Security Act. Redmond alleged

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability due to degenerative disc disease, obstructive sleep apnea, myofascial pain, gastroesophageal reflux disease, and obesity. We have jurisdiction under 28 U.S.C § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") provided specific, clear, and convincing reasons for finding that Redmond was not fully credible. First, the ALJ permissibly relied on Redmond's inconsistent statements, primarily concerning her ability to walk, in finding her not fully credible. *Burrell v. Colvin*, 775 F.3d 1133, 1137-38 (9th Cir. 2014). Second, the ALJ properly relied on Redmond's conservative level of treatment in finding her less than fully credible concerning her alleged total disability. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (holding that evidence of conservative treatment may be "sufficient to discount a claimant's testimony regarding severity of an impairment").

The ALJ was not required to obtain additional testimony from a medical expert. Redmond's contention - that the ALJ erred by not calling a medical expert to interpret the significance of imaging studies of Redmond's spine in October 2011 - is without merit. The record shows that the ALJ considered the 2011 imaging studies, and the ALJ was within her purview in analyzing and weighing the evidence. *See Burch*, 400 F.3d at 681.

2

Accordingly, substantial evidence supports the ALJ's determination that Redmond was not disabled within the meaning of the Social Security Act.

**AFFIRMED**.